APPEAL from the District Court of Presidio. Tried below before the Hon. T. A. FALVEY.

The trial of the appellant for the rape of Mrs. Mattie McL. Davis resulted in his conviction, and the death penalty was assessed by the jury.

No brief for the appellant has reached the Reporters.

*C. Edmondson,* for the State.

HURT, J. The appellant was convicted of rape, the jury assessing his punishment at death.

The charging part of the indictment is as follows: "Joseph Brinster, an adult male, did rape Mrs. Mattie McL. Davis, a female."

This indictment does not allege a single *act* which enters into and composes one of the elements of rape. An indictment is a written statement of a grand jury, accusing a person therein named of some act or omission punished by law. Subjecting the indictment in this case to the above definition, it evidently follows that it is no indictment at all. But we are not disposed to enlarge. See the case of *Williams* v. *State,* decided at this term, opinion by Judge Willson. *(Ante,* p. 395.) The judgment is reversed and the prosecution dismissed.

*Reversed and dismissed.*

---

GEORGE BARTON *et al. v.* THE STATE.

SCIRE FACIAS.— JUDGMENT NISI which fails to state that the same will be made final, unless good cause be shown at the next term of the court why the defendant did not appear, is fatally defective.

ERROR from the District Court of Hill. Tried below before the Hon. Jo. ABBOTT.

*Tarlton & Bullock,* for the plaintiffs in error.

*H. Chilton,* Assistant Attorney General, for the State.

HURT, J.    The judgment *nisi* fails to state that the same will be made final, unless good cause be shown at the next term of the court why the defendant did not appear. This is fatally defective.    Code Crim. Proc. 441.    See this question discussed in *Collins* v. *State,* decided at this term, opinion by P. J. White.    *(Ante,* p. 356.)

The judgment is reversed and the cause remanded.

*Reversed and remanded.*